IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00190-MR

| | |
|---|---|
| **DUSTIN BINGHAM,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **ERIK A. HOOKS, Secretary of** ) | |
| **Department of Public Safety,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the *pro se* Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1].

**I.    BACKGROUND**

Dustin Bingham (the "Petitioner") is a prisoner of the State of North Carolina who pled guilty on July 5, 2018 in Gaston County Superior Court to one count of robbery with firearms or other dangerous weapons. [Doc. 1 at 1]. The Petitioner was sentenced to 84 to 113 months' imprisonment. [Id.]. The Petitioner did not appeal his sentence to the North Carolina Court of Appeals. [Id. at 2].

On or around March 24, 2020, the Petitioner filed the present habeas petition in this Court. [Id.].[1] On May 28, 2020, the Petitioner filed a request to proceed in forma pauperis. [Doc. 3].

On December 1, 2020, the Court entered an Order finding that the Petitioner's petition was subject to being dismissed as untimely unless the Petitioner can demonstrate that it is subject to statutory tolling under § 2244(d)(1)(B), (C), or (D), or that equitable tolling should otherwise apply. [Doc. 4]. The Court allowed the Petitioner 21 days to file a document explaining why his petition should not be dismissed as untimely. [Id.]. More than 21 days have now passed, and the Petitioner has not responded to the Court's Order.

## II.  DISCUSSION

The Petitioner has received notice of the statute of limitations in § 2244(d)(1)(A) and has received an opportunity to address the statute of limitations issue. [Doc. 4]; see Hill v. Braxton, 277 F.3d 701, 706-07 (4th Cir. 2002). Having received that opportunity, the Petitioner has failed to show

---

[1] Under Houston v. Lack, an inmate's pleading is filed at the time he or she delivers it to the prison authorities for forwarding to the court clerk. 487 U.S. 266, 270 (1988). Here, the Petitioner fails to state the particular date that he placed the petition in the prison mail system. The envelope in which the petition was mailed, however, is post-marked March 24, 2020. [Doc. 1-1]. Accordingly, the Court finds that the petition was filed on or around March 24, 2020.

that any of the other provisions in § 2244(d)(1) apply to his habeas petition or that he is entitled to equitable tolling. As such, the petition is untimely under §§ 2244(d)(1)(A) and must be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITH PREJUDICE** as untimely and procedurally barred under 28 U.S.C. § 2244(d)(1)(A).

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.** Signed: January 7, 2021

Martin Reidinger
Chief United States District Judge